## BUSH *v.* MATTOX *et al.*

1. The State has no interest in the disposition of money due to a lessee for the hire of convicts by a sublessee.
2. A creditor is not entitled to have money due to his debtor collected and disposed of by a receiver merely because judgment creditors of the debtor might claim this money if brought into court by a garnishment proceeding; for such creditors would have an equal right to intervene in the equity case and claim the money in the hands of the receiver, if one should be appointed.

Argued March 13, — Decided April 7, 1900.

Petition for injunction. Before Judge Reese. Elbert county. December 15, 1899.

*Sig. Nussbaum, W. D. Tutt & Son,* and *A. H. Russell,* for plaintiff. *Joseph N. Worley,* for defendants.

LUMPKIN, P. J. The plaintiff, E. P. Bush, excepted to the refusal of the trial judge to grant an injunction and appoint a receiver. The judgment complained of was based upon the prop-osition that, even if the allegations of the plaintiff's petition were all true, he was not entitled to the relief for which he prayed. Without, therefore, undertaking to say what the actual truth of the case is, we deal with it from the standpoint of the plaintiff. His averments were, in substance, as follows: W. H. Mattox leased from the State of Georgia fifty convicts. He employed Bush to assist him in making a sublease of these con-victs for the term of five years, agreeing that if Bush would procure a thoroughly responsible and reliable party as lessee, he should receive for his services " all over and above fourteen dollars per month per convict" which the lessee contracted to pay. Bush succeeded in making an arrangement with one John R. Sharpe, whereby the latter was to take the convicts for the term stated at the price of sixteen dollars per convict per month, and a binding written contract to this effect between Mattox and Sharpe was duly executed. Subsequently, however, Mattox, with a view to cheating and defrauding Bush out of the com-pensation to which he was entitled, voluntarily released Sharpe from his contract, and entered into another agreement with him, by the terms of which the amount of hire per month for each convict was reduced to fourteen dollars. Bush has been paid nothing for his services. Mattox is insolvent, and there are various outstanding judgments against him. The petition prayed that Mattox be enjoined from making further collections from Sharpe for the hire of the convicts; that Sharpe be enjoined from making any payments to Mattox; and that a receiver be appointed to collect all sums due from Sharpe to Mattox under the lease contract, " and, after paying to the State of Georgia its portion of said rental, to hold the balance to be paid to said Mattox and your petitioner according to the terms of said contract" between them.

The court was right in denying the injunction, for the reason that Bush had an adequate remedy at law by bringing an action

against Mattox and serving a garnishment upon Sharpe. It is entirely immaterial with what motive Mattox reduced the amount of hire to be paid by Sharpe. Taking the allegations of the petition as true, Bush simply has an unpaid claim against Mattox for services rendered the latter, the precise amount of which is easily ascertainable by reference to the terms of their express agreement. It is no answer to the proposition that Bush's remedy by garnishment would be ample and complete, that a garnishment will not lie for the reason that the "State's interest" in the amount due by Sharpe to Mattox for the hire of the convicts would be held up, and that this would not be permissible. The State has no interest in the contract between Mattox and Sharpe. It looks for the money due to it exclusively to the bond which the prison commission required Mattox to give before leasing the convicts to him. See Acts of 1897, pp. 75-6. The existence of the judgments against Mattox afforded no ground for the extraordinary equitable relief sought by the petition. Counsel for the plaintiff argued that if money due Mattox was brought into court upon a garnishment served on Sharpe, the judgment creditors could come in and claim the fund in court to the exclusion of Bush's demand against Mattox. It is equally true that these same judgment creditors could intervene in the present case and claim the money in the receiver's hands, if one should be appointed. So there is nothing in this suggestion of counsel.

*Judgment affirmed. All the Justices concurring.*